UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIP ECHOBEI-WAKA,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>Respondents. | No.  1:26-cv-01172-DAD-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 10, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his[1] detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk.  (Doc. No. 2.)  On February 10, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any

---

[1]  Petitioner is referred to with male pronouns throughout the petition for writ of habeas corpus but is referred to interchangeably with male and female pronouns in the motion for temporary restraining order.  (Doc. Nos. 1, 2.)  The court refers to petitioner using male pronouns throughout this order.

provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release. (Doc. No. 7.)

On February 11, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina*. (*Id.* at 1–2.) Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id.* at 2.) Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing. (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States Virgin Islands on August 10, 2023, encountered immigration authorities on August 28, 2023, and was subsequently released on his own recognizance. (Doc. No. 1 at ¶ 21.) Petitioner thereafter moved to Texas, where he resided with his sister. (*Id.* at ¶¶ 21–22.) On October 23, 2025 petitioner was detained without explanation or a hearing by immigration authorities in Dallas, Texas when he appeared as directed for a check-in. (*Id.* at ¶ 2.)

Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on October 23, 2025;

2

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining
petitioner for any purpose, absent exigent circumstances, without providing
petitioner notice and a pre-detention hearing before an immigration judge
where respondents will have the burden to demonstrate that petitioner is a
danger to the community or a flight risk;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby
DENIED as having been rendered moot in light of this order; and

3.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and
to close this case.

IT IS SO ORDERED.

Dated:   **February 12, 2026**                              _Dale A. Drozd_
                                                            DALE A. DROZD
                                                            UNITED STATES DISTRICT JUDGE